UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
10-25-2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| EUGENE SHANNON ABNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-02613 (UNA) |
| ) | |
| ) | |
| MARILYN BURGESS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant the IFP application and dismiss the petition, and this matter, without prejudice.

Petitioner is currently in the custody of the Texas Department of Criminal Justice, and per the petition, he was convicted and sentenced in the 180th District Court of Texas, located in Harris County. His petition, at first blush, appears to be seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, he also briefly discusses, in passing, his actual innocence, seemingly challenging the constitutionality of his conviction. From there, the petition largely digresses into ruminations on identity theft. He alleges that "someone has used [his] info," and used his name as an alias. He also alleges that unknown persons are attempting to kill him. The civil cover sheet does not assist in clarifying his intended claims—petitioner confoundingly checks nearly every available option box, and demands $520 million in damages.

To the extent that petitioner seeks relief under 28 U.S.C. § 2241, he may not do so in this District. "A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief"). As petitioner is currently incarcerated in Texas, this District lacks jurisdiction over any intended § 2241 claims.

Insofar as petitioner seeks to challenge the legitimacy of his conviction and sentence, federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). As noted, petitioner was convicted and sentenced in Texas. Consequently, this court also lacks jurisdiction over his § 2254 claims.

The remainder of petitioner's allegations are incomprehensible. Rule 8(a) of the Federal Rules of Civil Procedure requires a petition to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive

answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant petition falls within this category. As presented, neither the court nor the respondent can reasonably be expected to identify petitioner's claims, and the petition also fails to set forth allegations with respect to this court's ability to exert subject matter jurisdiction, venue, or personal jurisdiction over the sole respondent—the Harris County Texas Court Clerk.

For the stated reasons, petitioner's IFP application is granted, and this matter is dismissed without prejudice. Plaintiff's pending motion for appointment of counsel, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

DATE: October 25, 2022                   _____ s/s_____
                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge